IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBINSON VICTOR GONZALEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5917 |
| | : | |
| DOMESTIC RELATION/TACTICLE | : | |
| UNIT PHILADELPHIA, | : | |
|     Defendant. | : | |

MEMORANDUM

**COSTELLO, J.**                                                                                                                                                                        **JANUARY 8, 2025**

        Plaintiff Robinson Victor Gonzalez, who is representing himself, filed this civil action, apparently pursuant to 42 U.S.C. § 1983, against the Philadelphia "Domestic Relation/Tacticle [sic] Unit," alleging that the suspension of his driver's license violated his constitutional rights.[1] (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Gonzalez leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.**     **FACTUAL ALLEGATIONS**

        Gonzalez alleges that he received a letter on August 2, 2024 "threatening" to suspend his driver's license. (Compl. at 4.) He was given thirty days to respond to the letter, and he did so within that time frame "via certified mail offering a resolution and never heard back." (*Id.*) He

---

[1] The lone Defendant that Gonzalez named is "Domestic Relation/Tacticle [sic] Unit," located at 1501 Arch St., Philadelphia, PA 19102. (Compl. at 2.) He appended as an exhibit to his Complaint an Order from the Court of Common Pleas of Philadelphia, Domestic Relations Division, which appears to be the basis of his claims. (*Id.* at 7.) Accordingly, Gonzalez's Complaint is best construed to lodge claims against that court.

claims that the only response he received was an order on September 5, 2024, which suspended his driver's license indefinitely. (*Id.*) Appended to his Complaint as an exhibit is an order from the Court of Common Pleas of Philadelphia County, Domestic Relations Division directing the suspension and nonrenewal of his driver's license. (*Id.* at 7.)

Gonzalez asserts that due to the suspension of his license, he cannot work as a delivery driver. (*Id.* at 4-5.) He claims that the suspension of his license violated his due process rights because he "did not receive a fair hearing, phone call or email before this corrupt order was issued." (*Id.* at 4.) He asks this Court "to vacate the order suspending [his] license and remand to the lower court for fair redress." (*Id.* at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Gonzalez leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Gonzalez's Complaint is also subject to 28 U.S.C. § 1915(e)(2)(B)(i), which requires the Court to dismiss the Complaint if it frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based

2

on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, construe the Complaint liberally, draw all reasonable inferences in Gonzalez's favor, and then ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

Gonzalez's claims against the Court of Common Pleas Domestic Relations Division are barred by Eleventh Amendment immunity. Gonzalez bring his constitutional due process claims under § 1983, so he "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Gonzalez's claims fail because state courts are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (state courts in Pennsylvania, including the Philadelphia Court of Common Pleas "family court division," share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in

Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, there is no legal merit to these claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Gonzalez leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Leave to amend will not be given, as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
**MARY KAY COSTELLO, J.**